**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

AIMEE PARRA RAMOS, V. P. and S.
P.,

                Plaintiffs,

v.                                      Case No: 6:25-cv-259-CEM-LHP

WHITE LOGISTIC LLC and DIEGO
JAVIER BLANCO LOPEZ,

                Defendants

---

## ORDER

Before the Court is Defendants' Motion to Compel Depositions of Plaintiff's Experts/Treating Physician or, Alternatively, Motion to Extend Discovery Deadline. Doc. No. 32. Plaintiffs have not yet responded, although the motion states that Plaintiffs oppose the motion to compel depositions, but do not oppose an extension of the discovery deadline to complete depositions. *Id.* at 4–5. The Court does not require a response to rule on the motion.[1] Upon review, the motion will be **DENIED in part and DENIED without prejudice in part**.

---

[1] Given that Defendants filed this request as a motion to compel depositions, it appears that the deadlines set forth in the Standing Order on Discovery Motions apply. *See* Doc. No. 19. However, given the imbedded request for an extension of the discovery

This case concerns Plaintiff Aimee Parra Ramos's claims, on behalf of herself and her minor children V.P. and S.P., for damages against Defendants arising from a motor vehicle accident in which she and her minor children were involved.   Doc. No. 3-1.   Defendants filed the present motion on April 21, 2026, Doc. No. 32, but discovery closed in the interim, on April 27, 2026, Doc. No. 17.   By the motion, Defendants seek to compel Plaintiffs to provide deposition dates for Plaintiffs' treating physicians/experts.   Doc. No. 32.   Alternatively, Defendants seek an extension of the discovery and dispositive motions deadlines in order to complete said depositions.   *Id.*

As to the request to compel deposition dates, Defendants contend that on January 20, 2026, Plaintiffs disclosed 15 treating physicians as experts/treating physicians.   *Id.* at 2.   On March 2, 2026 and March 18, 2026, Defendants requested deposition dates from Plaintiffs, but to date, Plaintiff has refused to provide dates, instead stating that Defendants can coordinate with the experts/treating physicians directly.   *Id.* at 2, 3.   Defendants, however, do "not believe that is sufficient or that it complies with the Court's Case Management Order or the Federal Rules of Civil

---

deadline, it is also arguable that those deadlines do not apply, at least in part.   *See also* Local Rule 3.01(c), (d).   Regardless, however, the Court does not require a response at this time.

The Court notes that the motion (Doc. No. 32) at points refers to a singular "Plaintiff."   Given the case style, the Court references "Plaintiffs" for consistency.

Procedure." *Id.* at 3–4. Defendants provide no legal authority in support for this assertion. *See id.*

Generally speaking, "[w]hen scheduling depositions, lawyers are to reasonably accommodate the schedules of opposing lawyers, parties, and witnesses." *Yaeger v. Hartford Ins. Co. of the Midwest*, No. 8:13-cv-428-T-35MAP, 2014 WL 12634925, at *1 (M.D. Fla. Feb. 27, 2014) (citing Middle District Discovery § (I)(A)(4)). But "[w]hile this Court expects lawyers to attempt to schedule depositions in this manner, when such efforts fail, counsel should resort to the formal procedures available in the Federal Rules of Procedure." *Id.* Thus, "unless a witness consents to appear at a deposition, a party is required to serve a subpoena on the witness to ensure appearance at a timely deposition." *Id.* (citing Fed. R. Civ. P. 45); *see also Herezi v. 31-W Insulation Co.*, No. 5:23-cv-646-MMH-PRL, 2025 WL 1685262, at *7 (M.D. Fla. June 16, 2025) ("[T]here is 'nothing in the [Federal] Rules [of Civil Procedure that] requires an opposing party's consent to a deposition date.'" (citing *Hill v. Tai Nhu Tran*, No. CV 16-00102-WS-N, 2016 WL 11028264, at *1 (S.D. Ala. Nov. 15, 2016))); *Critchlow v. Sterling Jewelers Inc*, No. 8:18-cv-96-T-30JSS, 2019 WL 13062637, at *1 (M.D. Fla. Jan. 7, 2019) ("[I]f a non-party expert does not consent to appear, a subpoena under Rule 45 is required." (citing *Karakis v. Foreva Jens Inc.*, No. 08–61470–CIV, 2009 WL 113456, at *1 (S.D. Fla. Jan. 19, 2009))).

Thus, even accepting as true Defendants' assertions that Plaintiffs' counsel failed to cooperate in scheduling depositions, which may be contrary to discovery practices in this District, Defendants' request that the Court compel Plaintiffs to provide deposition dates and produce experts/treating physicians on said dates is not supported, and Defendants provide no legal authority to the contrary. Defendants should have instead resorted to the formal procedures available in the Federal Rules of Procedure for scheduling these depositions. *See Yaeger*, 2014 WL 12634925, at *1; *see also* Fed. R. Civ. P. 45. Accordingly, Defendants' request to compel these depositions is **DENIED**.

Insofar as Defendants ask for an extension of the discovery deadline, this request is also not adequately supported. Defendants cite only Federal Rule of Civil Procedure 6(b)(1), and state that they have good cause to extend the discovery deadline because they need to conduct the depositions of Plaintiffs' treating physicians/experts, so they seek a 2-month extension to do same. Doc. No. 32, at 4. Defendants also seek a corresponding 2-month extension of the dispositive motions deadline. *Id.*

The request to amend the deadlines in the Case Management and Scheduling Order (Doc. No. 17, "CMSO") is governed by Federal Rule of Civil Procedure 16(b)(4), however. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("District courts are required to enter a scheduling order . . . . Such orders control

the subsequent course of the action unless modified by a subsequent order, and may be modified only upon a showing of good cause. This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." (citations and quotation marks omitted)). The present motion is insufficient to show good cause and diligence, in that Defendants found out about the treating physicians/experts on January 20, 2026, twice asked Plaintiffs for deposition dates in March 2026, and apparently did nothing else until they filed the present motion on April 21, 2026. Doc. No. 32, at 2; *see also* Doc. No. 17, at 3 ("Failure to complete discovery within the time established by this Order does not constitute good cause for an extension of the deadline."). Moreover, according to the CMSO, "[m]otions to extend the dispositive motions deadline . . . are generally denied. The Court will grant an exception only when necessary to prevent manifest injustice." Doc. No. 17, at 3. The present motion (Doc. No. 32) does not address manifest injustice, much less establish it. For these reasons, the request to extend the discovery and dispositive motions deadlines is **DENIED without prejudice**.

The Court directs the parties' attention to the Middle District Discovery Handbook, which provides "[c]ounsel, by agreement, may conduct discovery after the formal completion date but should not expect the Court to resolve discovery

disputes arising after the discovery completion date."   Middle District Discovery

(2021) § (I)(F).[2]

     **DONE** and **ORDERED** in Orlando, Florida on April 28, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[2] The Court also notes that the docket reflects that the parties may have settled this case.   *See* Doc. Nos. 30, 33.   The Court reminds the parties of their obligations under Local Rule 3.09, to the extent that settlement has been reached.